**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**RICHARD RAWLEIGH,**

                              **Petitioner**                    **04-CV-0729S**

**v.**

**NEW YORK STATE DIVISION OF PAROLE,**

                              **Defendant.**

---

<u>**DECISION AND ORDER**</u>

        Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment
of this case to the undersigned to conduct all proceedings in this matter, including the entry
of final judgment.  Dkt. #20.


        Petitioner Richard Rawleigh commenced this action, pursuant to 28 U.S.C.
§ 2254, challenging the revocation of his parole.  Dkt. #4.  By letter dated February 7, 2008,
the Assistant Attorney General advised the Court that petitioner had been released from
custody of the New York State Division of Parole on March 9, 2005.  The New York State
Department of Correctional Services Inmate Information Site confirms that petitioner was
released from the Gowanda Correctional Facility on March 9, 2005.  *See*
http://nysdocslookup.docs.state.ny.us.


        By Decision and Order entered March 21, 2008, the Court recognized that
"[w]here, as here, a petitioner's habeas petition challenges parole revocation proceedings,
his petition becomes moot when he is released from custody unless he is able to
demonstrate collateral consequences stemming from the parole revocation proceedings."

*Razzoli v. U.S. Parole Commission*, 2004 WL 2367965 (2d Cir. 2004 (unpublished opinion),

*citing Spencer v. Kenna*, 523 U.S. 1, 7 (1998); *see United States v. Probber*, 170 F.3d 345,

347-48 (2d Cir. 1999) ("an individual challenging the revocation of his parole – and whose

term of re-incarceration has expired – bears the burden of demonstrating that some concrete

and continuing injury continues to flow from the fact of the revocation.").   As a result, the

Court directed that the petition be dismissed as moot unless petitioner demonstrated to the

Court, within 30 days that he continued to suffer consequences as a result of the revocation

of his parole.  Dkt. #21.

The Decision and Order was returned to sender as petitioner has failed to

provide the Court with an updated address.  Rule 5.2(d) of the Local Rules of Civil

Procedure provides that

> A party appearing pro se must furnish the Court with a current
> address at which papers may be served on the litigant.  Papers
> sent to this address will be assumed to have been received by
> plaintiff.
>
> In addition, the Court must have a current address at all times.
> Thus, a *pro se* litigant must inform the Court immediately in
> writing of any change of address.  Failure to do so may result in
> dismissal of the case with prejudice.

Accordingly, it is hereby **ORDERED** that the petition be dismissed with

prejudice.  The Clerk of the Court is directed to take the necessary steps to close this case.

**SO ORDERED**.

**DATED:**      **Buffalo, New York**
                **May 8, 2008**

                                    **/s/ J. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**

-2-